UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICIA WINKELBAUER,

       Plaintiff,                       CIVIL ACTION NO. 03 CV 74712 DT

      v.                             DISTRICT JUDGE NANCY G. EDMUNDS

JO ANNE B. BARNHART,            MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security disability case comes before the court on Plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act. For the reasons discussed herein, the court recommends that the motion be **GRANTED**.

### II. Background

Plaintiff filed an application for Social Security Disability Insurance Benefits in 1993. Following administrative proceedings, the Commissioner concluded that plaintiff was not disabled and thus denied her application. Plaintiff filed suit pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision. The matter was remanded to the Commissioner for further review of plaintiff's residual functional capacity (RFC). On remand, the

Commissioner again determined that plaintiff was not disabled. Plaintiff filed another action for review of the Commissioner's decision. The matter was referred to this court, which recommended that the case be remanded to the Commissioner once again for further proceedings regarding plaintiff's RFC. The district court adopted this court's report and recommendation and ordered that the matter be remanded.

The initial remand was based upon the ALJ's failure to properly incorporate in a hypothetical question the findings of a consulting physician, Dr. Gordon R. Forrer, regarding plaintiff's mental limitations. In recommending that the matter be remanded a second time, this court determined that on the first remand, the ALJ partially cured the defects in the prior hypothetical by including a limitation to simple, repetitive tasks and no hourly quotas, but that the limitation did not accommodate plaintiff's moderately impaired ability to complete a normal work day and work week without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

Plaintiff now moves for an award of costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), contending that the Commissioner's position in this proceeding was not substantially justified. Plaintiff seeks an award of $3,637.50 in attorney fees and $165.00 in costs. The Commissioner contends that an award of fees and costs is not warranted because her position in the litigation was substantially justified.

### III. Discussion

Plaintiff seeks an award of attorney's fees pursuant to § 2412(d)(1)(A), which provides, in part:

> [A] court shall award to a prevailing party other than the United
> States fees and other expenses ... incurred by that party in any civil
> action ..., including proceedings for judicial review of agency
> action, brought by or against the United States in any court having
> jurisdiction of that action, unless the court finds that the position of
> the United States was substantially unjustified or that special
> circumstances make an award unjust.

Thus, under EAJA, a court may award attorney fees to a litigant in an action involving the United States where the litigant is a "prevailing party" and the United States' position in the proceedings was not "substantially justified."

Where, as here, a Social Security disability claimant has obtained a remand under sentence four of 42 U.S.C. § 405(g), the claimant is a "prevailing party" under EAJA. Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625 (1993). Accordingly, plaintiff has satisfied the first requirement for an award of fees and costs pursuant to EAJA.

The issue then is whether the Commissioner's position in this proceeding was "substantially justified." A position may be said to be "substantially justified" if it is "'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988).

On remand, the ALJ determined, with no explanation and without reference to any supporting medical or other evidence, that the addition to the hypothetical of restrictions to simple, repetitive tasks and no hourly quotas was sufficient to accommodate plaintiff's limited ability (1) to respond appropriately to changes in the work setting, (2) to set realistic goals or make plans independently of others, and (3) to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace

without an unreasonable number and length of rest periods.  The court agreed that the additional restrictions were sufficient to accommodate plaintiff's limitations in the first two areas, but that there was no clear connection between the additional limitations and the third area noted above.  Notwithstanding the Commissioner's remarks regarding what she perceives to be an obvious connection between the additional limitations and plaintiff's impairment that area, the court still sees no such connection with respect to this particular claimant.  That is not to say that such a limitation is *per se* insufficient to accommodate an impaired ability to complete a normal work day or work week and to perform at a consistent pace.  Such a limitation may well be sufficient in the proper case if there is sufficient evidence to support such a determination.  Here, the ALJ failed to cite any evidence or provide any explanation as to why the limitations in question were sufficient to accommodate plaintiff's limitations in this area.  Given the ALJ's utter failure to provide any explanation or cite any evidence in this regard, the court cannot say that the Commissioner's defense of the ALJ's decision was substantially justified.  Accordingly, the court concludes that plaintiff is entitled to an award of attorney fees and costs under EAJA.

### IV.  Conclusion

The court has reviewed plaintiff's request for fees and costs and finds the amount sought to be reasonable.  The Commissioner has not objected to that amount.  Accordingly, the court recommends that Plaintiff's Motion for Attorney Fees and Costs be **GRANTED** and that plaintiff be awarded costs and fees in the amount of $3,802.50.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
United States Magistrate Judge

Dated:  March 24, 2005

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record and the Social Security Administration herein by electronic means or U.S. Mail on March 24, 2005.

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Morgan